IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED DOMENECH and IVAN SERRANO | : : : | |
| | : | CIVIL ACTION |
| v. | : : | NO. 06-CV-1325 |
| CITY OF PHILADELPHIA, ET AL. | : | |

**SURRICK, J.**                                                                                              **JANUARY 18, 2007**

## MEMORANDUM & ORDER

Presently before the Court is The Office of the District Attorney of Philadelphia County and Judy Rubino's Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 8). For the following reasons, the Motion will be Granted.

**I.     BACKGROUND**

Plaintiffs Alfredo Domenech and Ivan Serrano claim that they spent 18 years in prison for a murder they did not commit, because Philadelphia County, its prosecutors, and its detectives withheld exculpatory evidence prior to their trial that would have proved their innocence. Plaintiffs' Complaint alleges that on May 27, 1987, Defendants were arrested for the murder of Juan Martinez near the corner of Broad and Diamond Streets in Philadelphia. (Doc. No. 1.) Moments after Martinez was murdered, Renee Thompson, an eyewitness, told Philadelphia police officers that two men driving a blue car shot Martinez at point-blank range after a brief argument. (*Id.* ¶ 19.) As Thompson described the events to the police, a blue car driven by Plaintiff Domenech returned to the murder scene. (*Id.* ¶ 20.) The police pulled the car over after Thompson and another eyewitness identified the vehicle as the one which sped away after Martinez was shot. (*Id.*) Plaintiffs were removed from the vehicle, placed under arrest, and charged with murder. (*Id.* ¶ 22.) After arresting Plaintiffs, Defendants Lubiejewski and the

other John Doe Detectives ("Defendant Detectives") of the Philadelphia Police Department further investigated the Martinez murder. (*Id.* ¶ 23.)  During their investigation, Defendant Detectives interviewed two eyewitnesses who provided a detailed account of the murder that exculpated Plaintiffs. (*Id.* ¶¶ 25-27.)  Ultimately, the case was assigned to Assistant District Attorney Judy Rubino ("ADA Rubino") to prosecute.  Plaintiffs allege that Defendant Detectives turned this information over to ADA Rubino, who withheld it until just prior to trial in an attempt to impede Plaintiffs' ability to defend themselves. (*Id.* ¶ 38.)  On March 28, 1988, after a jury trial that included an in-court identification of Plaintiff Domenech by Thompson, Plaintiffs were convicted of murder and conspiracy to commit murder. (*Id.* ¶ 40.)  Shortly thereafter, they were sentenced to life in prison. (*Id.*)  The Plaintiffs filed an appeal in the Superior Court of Pennsylvania which affirmed the convictions on March 1, 1990. (Doc. No. 8 at Ex. B.)  In October 2005, based on the results of lie detector tests and eyewitness statements exculpating Plaintiffs, the Philadelphia District Attorney's Office agreed to grant Plaintiffs a new trial and dismissed the charges against them. (Doc. No. 1 ¶ 42.)  Plaintiffs bring this action, claiming that their constitutional rights were violated and that their arrest, trial, conviction and incarceration were obtained in violation of state and federal law.

**II.    LEGAL STANDARD**

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them.  Dismissal under Rule 12(b)(6) . . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Ne. Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (citing *Ransom v.*

*Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988)); *see H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989).  For this reason, district courts strongly disfavor Rule 12(b)(6) motions.  *Melo-Sonics Corp. v. Cropp,* 342 F.2d 856 (3d Cir. 1965); *Kuromiya v. United States,* 37 F. Supp. 2d 717, 722 (E.D. Pa. 1999).  A court will only dismiss a complaint if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *H.J. Inc.,* 492 U.S. at 249-50 (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)); *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).  However, a court need not credit a plaintiff's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

### III.  LEGAL ANALYSIS

Count I of Plaintiffs' Complaint alleges that the City of Philadelphia and the Office of the District Attorney are liable under 28 U.S.C. § 1983 for violating Plaintiffs' constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.  Count II alleges that ADA Rubino and the Defendant Detectives are liable under 28 U.S.C. § 1983 for violating Plaintiffs constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.  Count III of Plaintiffs' Complaint alleges that Defendants violated Plaintiffs' rights under Article I, §§ 1, 8, 9, and 13 of the Pennsylvania Constitution and that Defendants conduct constituted willful, reckless, and intentional false imprisonment, malicious prosecution, and intentional infliction of emotional distress.

In the instant motion, Defendants Office of the District Attorney and ADA Rubino argue, *inter alia*, that the Office of the District Attorney is not a proper party in this litigation, that ADA Rubino is entitled to absolute prosecutorial immunity, and that Plaintiffs' claims based upon

alleged violation of the Pennsylvania Constitution must be dismissed, because there is no private right of action for such violations. We agree.

Initially, the Office of the District Attorney of Philadelphia County is not a proper party in this case. Plaintiffs' §1983 claims against the district attorney's office cannot stand because the District Attorney's office is not an entity that can be sued under 28 U.S.C. § 1983. In *Reitz v. County of Bucks*, the Third Circuit recognized that a district attorney's office is not an entity for purposes of § 1983 liability. 125 F.3d 139, 148 (3d Cir. 1997). Moreover, "[P]ursuant to Section 11 of the Act of April 21, 1855, P.C. 264, 53 P.S. § 16257, all suits against any department of the City must be brought in the name of the City itself because the departments of the City do not have an independent corporate existence." *City of Phila. v. Glim,* 613 A.2d 613, 616 (Pa Commw. Ct. 1992); *see also Atkinson v. City of Phila.*, No. Civ. A. 99-1541, 2000 WL 295106, at *2 (E.D. Pa. Mar. 20, 2000) (finding that all suits brought against a department of the City of Philadelphia "must be brought in the name of the City of Philadelphia"). Since the Office of the District Attorney cannot be sued apart from the City of Philadelphia, all claims against the Office of the District Attorney must be dismissed.

Next, Plaintiffs' § 1983 claims against ADA Rubino must also be dismissed because ADA Rubino enjoys absolute prosecutorial immunity for the actions taken by her in the homicide prosecution of Plaintiffs. In *Imbler v. Pachtman*, the Supreme Court determined that prosecutors are absolutely immune from § 1983 liability for "acts intimately associated with the judicial phase of the criminal process," including "initiating a prosecution and presenting the State's case." 424 U.S. 409, 430-31 (1976). The policy considerations underlying the extension of absolute immunity to prosecutors have been articulated by the Supreme Court as follows:

> [S]uits against prosecutors for initiating and conducting prosecutions "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate," lawsuits would divert prosecutors' attention and energy away from their important duty of enforcing the criminal law, prosecutors would have more difficulty than other officials in meeting the standards for qualified immunity, and potential liability "would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.". . . . [T]here are other checks on prosecutorial misconduct, including the criminal law and professional discipline.

*Burns v. Reed,* 500 U.S. 478, 485-86 (1991) (citing *Imbler,* 424 U.S. at 425)). Absolute prosecutorial immunity, however, does not extend to "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). In *Yarris v. County of Delaware*, the Third Circuit recently discussed the *Imbler* doctrine, observing that "prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity" because such action falls within the "legitimate exercise of prosecutorial discretion." 465 F.3d 129, 137 (3d Cir. 2006).[1] This blanket of immunity stretches from the pre-trial stages to the post-conviction appeals process. *Id.*

Plaintiffs allege that ADA Rubino withheld exculpatory evidence in the form of eyewitness testimony and that ADA Rubino did not disclose this exculpatory information "until the very last moment" before Plaintiffs' trial. Specifically, the Complaint alleges the following

---

[1] In *Yarris*, the Plaintiff alleged that the Delaware County District Attorneys "withheld highly exculpatory information," "failed to disclose investigatory materials and exculpatory evidence," "fail[ed] to release physical evidence for DNA testing in a prompt manner," failed "to release exculpatory physical, investigatory, and DNA evidence," and "obtained a false statement." 465 F.3d at 137-139.

conduct:

1) ADA Rubino failed to disclose to Plaintiffs the location of a witness who could provide exculpatory evidence. (Doc. No. 1 ¶ 29.)

2) None of the Defendants informed Plaintiffs' attorneys that Plaintiffs were actually innocent. (*Id.* ¶ 31.)

3) ADA Rubino presented testimony that she knew was unreliable. (*Id.* ¶ 35.)

4) ADA Rubino deliberately delayed turning over exculpatory evidence to Plaintiffs' lawyers so as to impair and subvert Plaintiffs' ability to defend themselves. (*Id.* ¶¶ 38, 39.)[2]

Even if these allegations are true, it is clear that ADA Rubino was functioning in a prosecutorial capacity when she took the actions alleged. She was not performing administrative or investigatory duties. Such conduct, while functioning as the state's advocate, is protected. *Yarris,* 465 F.3d at 137 (finding that assistant district attorneys were absolutely immune from claims based on allegations that they "intentionally concealed" exculpatory evidence *prior* to trial). Accordingly, Plaintiffs' §1983 claims, alleging the concealing of exculpatory evidence, the failure to disclose the location of witnesses, the failure to acknowledge actual innocence, the fabrication and presentation of false and unreliable testimony, and the impairing of Plaintiffs' ability to defend themselves must be dismissed.

---

[2] Plaintiffs' Complaint alleges that ADA Rubino conspired with the other Defendants to cause a false conviction by wrongfully concealing exculpatory evidence, fabricating false testimony, and misrepresenting material facts. (Doc. No. 1 ¶ 15.) However, in Plaintiffs' Response In Opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(B)(6), Plaintiffs state as follows: "Plaintiffs Have Properly Plead §1983 Claims, And No Redress Is Sought For Any Conspiracy." (Doc. No. 9 at 14) Clearly, Plaintiffs have withdrawn any claim that they might assert against Defendants for conspiracy.

Finally, Plaintiffs' claims against ADA Rubino for violating Pennsylvania's Constitution, and for false arrest, malicious prosecution and intentional infliction of emotional distress must be dismissed. There is no private right of action for violations of the Pennsylvania Constitution similar to that provided for under § 1983. *See Farrell v. County of Montgomery*, No. Civ. A. 05-3593, 2006 WL 166519, at *3 (E.D. Pa. Jan. 18, 2006) ("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private cause of action for a federal constitutional violation."). Moreover, under Pennsylvania law, ADA Rubino is entitled to absolute immunity from state law tort claims. *See Durham v. McElwyn*, 772 A.2d 68, 69 (Pa. 2001) ("To subject assistant district attorneys acting on behalf of the district attorney to liability would deter all but the most courageous or the most judgment-proof from vigorously performing their prosecutorial functions, and would result in criminal going unpunished."). Accordingly, all of Plaintiffs' state law claims against ADA Rubino must be dismissed.

## IV. CONCLUSION

Plaintiffs have failed to state viable claims for relief against the Office of the District Attorney of Philadelphia County and ADA Rubino under either state or federal law. Accordingly, Plaintiffs' Complaint against those Defendants will be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED DOMENECH and IVAN SERRANO | : : : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-CV-1325 |
| CITY OF PHILADELPHIA, ET AL. | : | |

### ORDER

AND NOW, this  18th  day of January 2007, upon consideration of The Office of the District Attorney of Philadelphia County and Judy Rubino's Motion To Dismiss Pursuant To Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 8), and all papers submitted in support thereof and in opposition thereto, it is ORDERED that Defendants' Motion is GRANTED and Plaintiffs' Complaint against the Office of the District Attorney of Philadelphia County and Judy Rubino, individually and in her professional capacity is DISMISSED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge

9